IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| R.K.W., a minor and through ) <br> Her NEXT FRIEND, TIFFANY NGO, ) <br> ) Case No. 1:24-cv-00032 <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WASHINGTON COUNTY, VA ) <br> SHERIFF BLAKE ANDIS, et al., ) <br> ) <br> Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT**

Plaintiff R.K.W., a minor and through her Next Friend Tiffany Ngo, through counsel, hereby respectfully requests that the Court grant her leave to amend her Complaint pursuant to Federal Rule of Civil Procedure 15.[1] Plaintiff's proposed Amended Complaint is attached as Exhibit A. In support of Plaintiff's motion, she states as follows:

## BACKGROUND

This case and the companion wrongful death case (*Ngo v. Washington County Sheriff Blake Andis*, Case No. 1:24-cv-00031) arise from the horrific murder of R.K.W.'s mother and grandparents by Deputy Austin Lee Edwards of the Washington County Sheriff's Office. Jonathan Kastenbaum, administrator of the Estates of Sharon and Mark Winek (R.K.W.'s grandparents), has filed two related cases arising from their deaths (the "*Kastenbaum* Cases") (Case 1:24-cv-00054 and 1:24-cv-00055). All four cases arise from the same event.

---

[1] Plaintiff sought defendant Sheriff Andis' consent to this motion to amend. Sheriff Andis' refused to consent.

On September 29, 2025, this Court granted in part, and denied in part, motions to dismiss filed by Defendants in the *Kastenbaum* Cases (ECF Document 32 and ECF Document 34) (the "September 29, 2025 Opinion & Order"). In short, the Court denied the motion to dismiss as to the claims alleging gross negligence. On September 30, 2025, this Court granted Defendant Sheriff Andis' motions to dismiss the *R.K.W.* and *Ngo* cases without prejudice (ECF Document 64 and ECF Document 69) (the "September 30, 2025 Opinion and Order"). Although *R.K.W.* and *Ngo* were based on the same facts, Plaintiffs in those cases did not assert gross negligence claims in the original complaints.

Plaintiff R.K.W. (and Ngo in a companion motion) seeks to amend her Complaint by alleging the same Counts that survived dismissal in the *Kastenbaum* Cases, i.e. the gross negligence claims. Plaintiff R.K.W. also seeks to rename as a defendant Washington County Sheriff's Office Detective William Smarr ("Detective Smarr"), and to assert the same Counts against Detective Smarr that survived dismissal in the *Kastenbaum* Cases, i.e. the gross negligence claims.

## ARGUMENT

**I.     RULE 15 AND FOURTH CIRCUIT CASE LAW APPLY A LIBERAL AMENDMENT RUBRIC**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend her pleadings with the consent of the Court. "The court should freely give leave when justice so requires." Fed. R. C. Pro. 15(a)(2). As the Fourth Circuit Court of Appeals has noted, "[t]his liberal rule gives effect to the federal policy in favor of resolving the cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive

to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.* (quoting *Ostrzenski v. Seigel,* 177 F.3d 245, 252-53 (4th Cir. 1999)).

The Fourth Circuit Court of Appeals interprets Rule 15's liberal intent such that leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there is bad faith, or the amendment would be futile. *See Laber,* 438 F.3d at 426. Importantly, "an amendment is **not prejudicial** . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.* (emphasis added) (citing *Davis v. Piper Aircraft Co.,* 615 F.2d 606, 613 (4th Cir. 1980))

### A. Plaintiffs' Amendment Relies on the same Conduct, Transaction, or Occurrence Already Pled

Plaintiff R.K.W.'s original Complaint alleged that Sheriff Andis and Detective Smarr should never have hired Deputy Edwards, should never have provided him with a gun, and should never have cloaked with him the authority of a police officer. The Complaint also provides facts supporting these allegations. R.K.W. alleged that that as a result of these pled actions/omissions, Deputy Edwards gained access to R.K.W.'s grandparents' house where he subsequently murdered R.K.W.'s mother and grandparents. Using the language of Federal Rule of Civil Procedure 15(c), this is the "conduct, transaction, or occurrence" set out in the original Complaint.

Based on this conduct, transaction or occurrence, Plaintiff asserted claims for a constitutional violation (Count I- failure to screen) and negligent hiring (Count X) against Sheriff Andis, and a claim of negligent hiring against Detective Smarr (Count IX). In its September 30, 2025 Opinion and Order, this Court dismissed the Counts that applied to Sheriff Andis.[2]

---

[2] Plaintiff had voluntarily dismissed without prejudice Detective Smarr as a defendant prior to the ruling.

In the *Kastenbaum* Cases, the Plaintiff relied on the same conduct, transaction, or occurrence to form the basis of his claims. In addition to pleading the now-dismissed counts, Kastenbaum also pled claims against Sheriff Andis of gross negligence, grossly negligent entrustment, gross retention, gross negligence per se, and vicarious liability. Those claims survived the motions to dismiss. September 29, 2025 Opinion & Order at p. 18 & 20. As to Detective Smarr, Kastenbaum successfully pled claims of gross negligence, grossly negligent entrustment, and gross negligence per se. September 29, 2025 Opinion & Order at 22, 25, 26.

Plaintiff R.K.W. now seeks to assert the same gross negligence claims that survived motions to dismiss in the *Kastenbaum* cases.

### B. The amendment is not prejudicial.

No discovery has occurred in this case. As such, under Fourth Circuit authority, the defendants suffer no improper prejudice by allowing Plaintiff to amend. *See Laber,* 438 F.3d at 426. Moreover, since Defendants are already defending these exact claims in the *Kastenbaum* Cases, it cannot be unfairly prejudicial to defend them as to the other victims of the same conduct.

### C. There is no bad faith.

This case arises from unique facts that do not neatly fit within traditional causes of action, and thus it is not an easy case to plead. There is no allegation, nor could there be, that R.K.W. is acting in bad faith by seeking to amend her Complaint so that it complies with claims that overcame motions to dismiss in the *Kastenbaum* Cases. Indeed, it would be inequitable to R.K.W., whose mother and grandparents were murdered in this horrendous act, to not allow her to seek justice while her relatives are permitted to do so.

### D. There is no futility.

The gross negligence claims that Plaintiff seeks to assert have already survived the Court's initial scrutiny in the *Kastenbaum* Cases. Thus, the amendment is not futile where Plaintiff R.K.W. is only asserting the identical claims that have survived a motion to dismiss.

Based on the above, good cause to amend exists and the amendment allows the ends of justice to be met.

**II.   RULE 15 PERMITS PLAINTIFF TO RE-NAME DETECTIVE SMARR AS A DEFENDANT**

Pursuant to Rule 15(a)(2), one of the permissible reasons to amend a Complaint is to add a new defendant. *See Goodman v. PraxAir, Inc.,* 494 F.3d 458, 468-69 (4th Cir. 2007) (holding that a Rule 15 amendment allows the naming of additional defendants). When the statute of limitations has not yet run, there can be no argument by the new defendant that the amendment should be prohibited.

R.K.W.'s birthdate is January 25, 2007. Compl. ¶1. Deputy Edwards murdered her mother and grandparents on November 25, 2022. *Id.* at 35-44. Thus, R.K.W. was a minor when her cause of action arose. Pursuant to Virginia Code §8.01-229(A)(1), a minor has two years from her eighteenth birthday to assert her personal injury claims. For R.K.W., that means the statute of limitations runs on her claims on January 25, 2027. Since R.K.W. is seeking to add Detective Smarr as a defendant in this case prior to the running of the statute or limitations, Rule 15's liberal amendment policy dictates that she should be allowed to do so.

The fact that Plaintiff voluntarily dismissed without prejudice Detective Smarr from this case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) does not change the analysis. Indeed, a dismissal without prejudice means just that; it is without prejudice to reassert the claim against a party.

5

Because the case is being filed against Detective Smarr within the statute of limitations, Plaintiff suggests there is no prejudice analysis to be performed by the Court. But even if the Court were to conduct an analysis, there is no unfair prejudice. First, because Plaintiff originally named Detective Smarr as a defendant and served him with the Complaint within the statute of limitations, he is aware of these claims. Second, Detective Smarr is a defendant in the *Kastenbaum* Cases, which arise from the same conduct, transaction, or occurrence. Third, as Plaintiff is asserting the identical claims against Detective Smarr that survived motions to dismiss in the *Kastenbaum* Cases, he is already required to defend these claims. Fourth and finally, as no discovery has taken place, Detective Smarr is in the same place as the Plaintiff and the other Defendants.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, Plaintiff R.K.W. respectfully requests that the Court grant her motion to amend the Complaint and that the Court accept the Amended Complaint (attached as <u>Exhibit A</u>), as filed the date of the Court's Order.

Respectfully submitted,

<u>/s/ Scott M. Perry</u>
Scott M. Perry | VSB No. 67417
Nicholas J.N. Stamatis | VSB No. 95423
RAPOPORT SIMS PERRY
& VANOVERLOOP, P.C.
P.O. Box 5109
Arlington, Virginia 22205
P: (703) 291-6666
F: (703) 563-6692
sperry@rapoportlaw.com
nstamatis@rapoportlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, 2025, I electronically filed the foregoing via the CM/ECF system which will send notification of the filing to:

Nathan A. Schnetzler, Esq.
Frith Anderson + Peake PC
P.O. Box 1240
Roanoke, VA 24006
*Counsel for Defendant Sheriff Andis*

          /s/ Scott M. Perry
          Scott M. Perry